Amir J. Goldstein, Esq. (CA Bar No. 255620)
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 914
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ATLAS, individually and on behalf of all others similarly situated, | CASE NO.: CV09-03452 DDP PJWx |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT FOR DAMAGES |
| MCMILLAN AND ANDREWS LLC, a/k/a MCMILLAN AND ANDREWS ACQUISITIONS, LLC, and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff, by and through his attorneys, Amir J. Goldstein, Esq., as and for his complaint against the Defendants, MCMILLAN AND ANDREWS LLC, a/k/a MCMILLAN AND ANDREWS ACQUISITIONS LLC, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a (6) with its executive office and principal place of business in Lockport, New York

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant conducts a business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff from one McMillan and Andrews LLC.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the Defendant for collection.

8. One year ago Plaintiff changed his last name from Rusnak to Atlas.

9. Plaintiff had a credit card with Bank of America 4 to 5 years ago during the time he resided in Florida. Plaintiff has been residing in California now for 3 years.

10. During the time Plaintiff obtained the credit card the credit limit was $500.00. When Plaintiff inquired about the debt, Defendant advised the Plaintiff that the credit limit was $1000.00 and has increased up to $3000.00.

11. In the month of March 2009 Plaintiff received a phone call regarding a *"court date"* on April 29, 2009

12. On the 25th of March Plaintiff received a message from Defendant named Donna Quinn who state she was a representative for McMillan and Andrews and is their *"senior legal investigator."* In the message Defendant asked that Plaintiff to either call them back or to have his attorney call them if he was represented by one. The information left on that message was to call 888-802-1170 a telephone number belonging to the Defendant.

13. On the 12th of May 2009 Plaintiff received a message from Defendant stating that he was being contacted because of an *"emergency"* and to call 888-802-7110 a number belonging to the Defendant.

14. That the Defendant threatened Plaintiff with "wage garnishment" and Defendant did not disclose that the conversation was being recorded, and threatened to *"serve him"* and *"if no one was home they were going to serve him at his place of employment."*

15. That the Defendants actions caused additional and unnecessary stress for the plaintiff and caused his sever shame and embarrassment at his place of employment.

16. That the Plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of Defendants' conduct.

17. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that communications to the plaintiff by the defendant are false, deceptive, unfair, threatening, and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment.

18. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff realleges paragraphs 1 through 25 as if fully restated herein.

20. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

21. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

  a) In failing to inform consumers that the true identity of the Defendants have violated § 788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector. Defendants represented themselves as lenders but failed to disclose the material fact that it is acting as a debt collector with respect to the same transaction.

  b) By failing to include certain debt collection notices and disclosures required by law.

  c) By falsely threatening the consumer with legal action that can not legally be taken and/or is not actually intended to be taken.

d) By arbitrarily adding unwarranted and unjustifiable fees to the balance of the alleged debt.

22. Pursuant to § 788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

23. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

24. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## CLASS ALLEGATIONS

25. The first cause of action is brought on behalf of Plaintiff and the members of a class.

26. The class consists of consumers who received the same form letter, as did the Plaintiff.

27. The Class consists of all persons whom Defendant's records reflect resided in the state of California and who were contacted by the Defendant (a) bearing the Defendant's letterhead in substantially the same form as the manner communicated to the Plaintiff on or about March 2009, and subsequent letters or phone calls, (b) the collection effort were made to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the communications contained violations of 15 U.S.C. § 1692e by engaging in false threats of legal action and deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)  The Plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

29.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.  Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32.  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following :( g), (e), (d) and (f):

(a)  Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

(b)  Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

(c)  Defendant violated 15 U.S.C. § 1692g by contradicting Plaintiff's rights

(d)  Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 et seq., as to the fourth cause of action.

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, et seq.

    (d)    For such other and further relief as may be just and proper.

Dated: May 13, 2009

Amir J. Goldstein, Esq.

Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
5455 Wilshire Boulevard., Suite 914
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Amir J. Glodstein, Esq. (CA Bar No. 255620)
5455 Whilshire Boulevard, Suite 914
Los Angeles, CA 90036
Tel: 323-937-0400
Fax: 866-829-9666
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ATLAS, individually and on behalf of all others<br>PLAINTIFF(S)<br>v.<br>MCMILLAN AND ANDREWS LLC A/K/A/ MCMILLIAN AND ANDREWS ACQUISITIONS, LLC, and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br>CV09-03452 DDP PJWx<br><br>SUMMONS |

TO: DEFENDANT(S): McMillan and Andrews LLC a/k/a/ McMillan and Andrews Acquisitions LLC

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Amir J. Goldstein__, whose address is _5455 Wilshire Blvd. Suite 914, Los Angeles, CA 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY 15 2009

Dated: _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)      SUMMONS

Original

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>RYAN ATLAS, individually and on behalf of all others similarly situated | **DEFENDANTS**<br>MCMILLAN AND ANDREWS LLC., a/k/a MCMILLAN AND ANDREWS ACQUISITIONS, LLC.<br>6435 Dysigner Road, Lockport, New York 14094 |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Amir J. Goldstein, Esq. ( CA Bar No. 255620)<br>5455 Wilshire Blvd. Suite 914<br>Los Angeles, CA 90036 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq. Violation of FAIR DEBT COLLECTION PRACTICES ACT / ROSENTHAL

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE ONLY:   Case Number:  CV 09-03452 DDP PJWX

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                            CIVIL COVER SHEET                                                  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date May 14, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |